UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARTIN LUTHER BASKERVILLE,

                              STIPULATION OF SETTLEMENT
                              AND ORDER OF DISMISSAL

                Plaintiff,

BACH, PAXHIA, JUSINO and
WEST,                         05-CV-354(Sr)

                Defendants.

_____

        WHEREAS, plaintiff, Martin Luther Baskerville, (90-T-4745), filed a Complaint in this action with the United States Clerk's Office for the Western District of New York on May 18, 2005 (the "Complaint"), alleging, *inter alia,* that Defendants Bach, Paxhia, Jusino and West violated plaintiff's constitutional rights in regard to the dental care Plaintiff received during plaintiff's incarceration in the New York State Correctional Services system; and

        WHEREAS, Defendants all served answers to the Complaint and denied all allegations that their conduct violated plaintiff's constitutional rights; and

        WHEREAS, the Plaintiff and the Defendants (the "Parties") are interested in resolving all of the issues alleged in the Complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

WHEREAS, none of the Parties is an infant or incompetent person; and

WHEREAS, the Parties are desirous of discontinuing this litigation without the need for trial and without admitting any wrongdoing on the part of the Defendants;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties and/or their respective counsel as follows:

1.    The Parties hereby agree that the Action is dismissed and discontinued with prejudice, relative to all the Defendants

2.    Defendants shall pay to plaintiff the sum of $27,500, in full satisfaction of all claims raised in the Complaint, in addition to any claims in this action for attorneys fees, costs and disbursements. A check in the amount of $27,500 shall be made payable to Plaintiff's counsel, "Craig J.J. Snyder, P.C.", and sent to the attention of Craig J.J. Snyder, Esq., 17 Grandview Street, East Stroudsburg, PA 18301.   Plaintiff's counsel is entitled to take from that check the amount to which it is entitled under its retainer agreement with the Plaintiff, and a check for the remaining amount shall be sent by Plaintiff's counsel to "Martin Luther Baskerville, 90-T-4745)", and delivered

2

to the correctional facility in which he is then incarcerated, for deposit into his inmate/facility account.

3.    In consideration of the above-referenced payment, the plaintiff, Martin Luther Baskerville, hereby releases and discharges Defendants and the State of New York and its agencies, including, without limitation, the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the Complaint.

4.   Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by the Defendants or the New York State Department of Correctional Services regarding any of the allegations made by the plaintiff in his Complaint.

5.    Payment of the amount recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law.  Plaintiff and his counsel agree to execute and deliver to counsel for the Defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

3

6.   Subject to the provisions of the foregoing paragraphs, in the event payment of the amount recited in paragraph #2 above is not made within one hundred and twenty (120) days after the receipt by defendants' counsel from the Court of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after receipt by defendant's counsel of a copy of the fully executed So-ordered Stipulation of Settlement.

7.   This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

8.   This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the Parties and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall be

4

deemed to exist, or to bind the parties hereto, or to vary the
terms and conditions contained herein.

Dated: February _24_, 2009

                     ANDREW M. CUOMO
                     Attorney General of the
                       State of New York

                     By: MICHAEL J. RUSSO
                     Assistant Attorney General,
                     Counsel for Defendants
                     350 Main Street
                     Main Place Tower, Suite 300A
                     Buffalo, NY 14202
                     Michael.Russo@oag.state.ny.us

Dated: February _24_, 2009

                     Craig J.J. Snyder, P.C.

                     By: Craig J.J. Snyder, Esq.
                     17 Grandview Street
                     East Stroudsburg, PA 18301
                     cs.snyderfirm.com

Dated: February _17_, 2009

                     Martin Luther Baskerville
                     90-T-4745

Dated: February _25_, 2009

                     H. Kenneth Schroeder, Jr.
                     United States Magistrate Judge